# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| *In re*: | Case No. 19-14873 |
| ROLLIN G. COOKE, III, | Judge Arthur I. Harris |
| *Debtor* | |
| | |
| CHERYL HEINEMAN | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, FRAUDULENT TRANSFER, MISREPRESENTATION, AND/OR CONVERSION** |
| 1436 Loop Road | |
| Kent, Ohio 44240 | |
| *Plaintiff*, | |
| | **JURY DEMAND ENDORSED HEREON** |
| v. | |
| ROLLIN G. COOKE, III, | **AP CASE NO.**_____ |
| 11785 Julie Drive | |
| Chardon, OH 44024 | |
| Geauga - OH | |
| *Defendant* | |

This Complaint is being filed by Plaintiff-Creditor, Cheryl Heineman ("Plaintiff"), under Bankruptcy Code Section 523 and other applicable Sections, Bankruptcy Rules 4007 and 7001 and under state law, to determine the dischargeability of the Defendant-Debtor, Rollin G. Cooke III ("Debtor" or "Defendant"), to recover money and property in the above-captioned bankruptcy proceeding. Plaintiff, by and through her undersigned counsel, for her complaint against Defendant states as follows:

## **PARTIES**

1. Plaintiff, Cheryl Heineman, is an individual person residing in Portage County, Ohio.

2. Defendant, Rollin Cooke, III, is an individual person residing in Geauga County, Ohio.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334. The claims alleged herein are core proceedings under 28 USC § 157(b)(2). Resolution of the claims alleged herein will impact the distributions to be received by creditors and the value of the estate. Pursuant to 28 U.S.C. § 157 (a) and (b)(1) and Local General Order No. 84 as entered on July 16, 1984, by the United States District Court for the Northern District of Ohio, this Court may exercise subject matter jurisdiction in this case; and, supplemental jurisdiction over any state-law claims.

4. This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. Section 157(b)(2).

5. On August 7, 2019, Defendant filed a Chapter 13 petition ("Petition") in the United States Bankruptcy Court, Northern District of Ohio.

6. This adversary proceeding is brought in accordance with Federal Rules of Bankruptcy Procedure 4007 and 7001 *et seq.*, in which Plaintiff is mainly seeking a determination of Debtor's dischargeability under Bankruptcy Code Section 523.

**COUNT ONE**
**(Section 523(a)(2), 523(a)(4) and/or 523(a)(6))**

7. Plaintiff is a retired individual of seventy-three (73) years of age. Plaintiff is a high school graduate with no prior investing experience and has no formal legal or business training.

8. Defendant is an experienced business investor, having previously owned interests in several other businesses.

### Plaintiff's Ownership of Willo Brew, LLC, d/b/a Willoughby Brewing Company

9. Plaintiff was the rightful, fifty-three percent (53%) owner of the Willo Brew, LLC, d/b/a Willoughby Brewing Company (the "Company"). Plaintiff was therefore majority member.

10. The Company was a highly successful and profitable brewery and restaurant located in Lake County, Ohio.

11. Plaintiff acquired the interest in the Company on January 1, 2013, in a transfer from her son and daughter-in-law to provide for Plaintiff and for Plaintiff's grandchildren.

### Defendant's Initial Involvement

12. Beginning in 2017, third party, Van Horn, introduced Defendant to the other members of the Company and invited him to purchase an interest in the Company.

13. In late 2017, Defendant borrowed forty-eight thousand dollars ($48,000) from Plaintiff to purchase a thirty-seven percent (37%) minority stake in the Company, which sale was completed on January 1, 2018.

14. To date, Defendant has repaid twenty-seven thousand dollars ($27,000) of the forty-eight thousand dollars ($48,000) owed to Plaintiff.

15. During this time, Defendant made at least one unauthorized transfer of the Company funds to his car dealership company in the amount of two thousand three hundred sixty-one dollars and thirty-seven cents ($2,361.37).

### Defendant's Bad Conduct and Sale of the Plaintiff's Units to Defendant

16. From January 1 to April 9, 2018, Defendant began badgering Plaintiff to convince her to sell her interest in the Company to Defendant.

17. Plaintiff, however, was not interested in selling her interest to Defendant. Nonetheless, Defendant continued to harass and intimidate Plaintiff in order to induce her to sell her shares. Defendant made material misrepresentations about the Company to Plaintiff to confuse her, to weaken her resolve, and to fraudulently induce Plaintiff to sell her interest in the Company to Defendant.

18. In March 2018, Defendant falsely and fraudulently misrepresented to Plaintiff that a civil action filed March 30, 2018, against Plaintiff's son would force Plaintiff to "lose her share" in the Company.

19. Defendant knew of this suit, knew that it was a tool to further weaken Plaintiff's resolve not to sell her interest to him, and fraudulently used his knowledge of this civil action to his unfair advantage. Defendant knew at the time that these representations were untruthful and intended to induce Plaintiff to selling to Defendant her interest in the Company.

20. During this time, Defendant falsely told Plaintiff that Defendant was her friend, and that he was the only one that would be able to protect her interest for her grandchildren.

21. Defendant's misrepresentations and demands confused Plaintiff and caused her to enter a state of duress and panic to the extent that her will was overcome and she was induced to sell her interest in the Company to Defendant.

22. On April 9, 2018, after being subjected to Defendant's misrepresentations, threats, and demands, Plaintiff was forced to sell her interest in the Company to Defendant per an agreement ("Agreement"). *See* Agreement attached hereto as "Exhibit A."

23. Defendant gave Plaintiff the Agreement and informed her that she needed to sign it immediately in Defendant's presence.

24. Plaintiff was ill with acute bronchitis and pneumonia. Defendant knew that Plaintiff was ill and vulnerable. Plaintiff further told Defendant that she would like to consider the sale, discuss the sale with other parties, and have the Agreement reviewed by legal counsel.

25. Defendant denied Plaintiff the opportunity to have the Agreement reviewed or for Plaintiff to discuss it with her attorney or other parties, stating that she needed to sign it immediately to protect her interest and preserve it for her grandchildren.

26. To ease Plaintiff's concerns about the sale, Defendant represented that Plaintiff was not entering into a complete transfer of her interest in the Company, rather a partial one and that there was a provision in the Agreement to return Plaintiff's units to her at a later date.

27. Defendant knew that these representations were false.

28. Defendant coerced and induced Plaintiff to sign the Agreement at their meeting on April 9, 2018 which she did, in a state of duress.

29. Further, Defendant forced Plaintiff to back-date her signature to March 2, 2018, which he instructed her was to avoid any implication in Plaintiff's son's civil action.

30. Plaintiff was surprised to learn after the meeting that the Agreement included a complete transfer of her interest in the Company and that there was no provision in the Agreement to return her interest or units to her in the event Defendant failed to pay the agreed amount.

31. The amount of the sale was five hundred thirty thousand dollars ($530,000), which was well below the fair market value of Plaintiff's units at the time of the sale.

32. Defendant had agreed to pay Plaintiff this amount in one hundred twenty (120) equal monthly payments, over ten (10) years, at an interest rate of one tenth of one percent (0.1%) per annum. These terms of the Agreement are commercially unreasonable and are further

5

19-01118-aih    Doc 1    FILED 11/25/19    ENTERED 11/25/19 18:14:27    Page 5 of 9

evidence of fraud and unconscionability. (*See* Exhibit A.) Defendant has failed to pay any consideration for the Agreement to Plaintiff.

33. Upon information and belief, Defendant purchased other percentages in the membership of the Company and now owns ninety percent (90%), of the interest in the Company.

34. Defendant Cooke's actions caused irreparable and damage and interference with Plaintiff's legal rights in the Company and the Lake County Court of Common Pleas granted a temporary restraining order against Defendant in *Heineman v. Cooke, et al.* Lake County Court of Common Pleas Case No. 18CV001552, which, among other things, prohibited Defendant(s) from engaging in certain financial transactions during the pendency of this lawsuit to protect the value of the business. Importantly, the Lake County Court of Common Pleas determined that Plaintiff would suffer irreparable injury for which Plaintiff has no adequate remedy at law.

**(False Pretenses, False Representations or Actual Fraud)**

35. Defendant made numerous fraudulent misrepresentations to Plaintiff for months prior to, and on to induce Plaintiff to sell her ownership interest in the Company.

36. Defendant's fraudulent misrepresentations are material because Plaintiff relied on these misrepresentations to her detriment given that she no longer has interest in the Company.

37. Defendant knew that his misrepresentations were false and knew that the threats and misrepresentations would force Plaintiff to sell her share to Defendant.

38. Defendant's false or fraudulent misrepresentations placed Plaintiff in a state of duress and induced her into selling her share of the Company to Defendant.

39. Defendant's fraudulent misrepresentations were made with knowledge of falsity or with utter disregard and recklessness as to whether the misrepresentations or omissions were true or false such that knowledge may be inferred.

40. Defendant made these misrepresentations and demands to Plaintiff to induce Plaintiff to sell her interest in the Company to Defendant.

41. Defendant's false or fraudulent misrepresentations were made with the intent that Plaintiff rely upon them, and upon which Plaintiff justifiably relied.

42. As a result of Plaintiff's justifiable reliance on Defendant's false or fraudulent misrepresentations, Plaintiff has been proximately harmed in an amount to be determined at trial or $530,000.

43. As a further result of Defendant's fraudulent actions and failure to pay the agreed price for the Agreement, Plaintiff moves the Court to rescind the Agreement as a matter of law.

**(Fraud or defalcation while acting in a Fiduciary Capacity)**

44. From January to March 2, 2018, Plaintiff and Defendant were members of the Company.

45. As set forth above, Defendant made misrepresentations, demands, and fraudulent inducement for Plaintiff to sell her interest in the Company to Defendant.

46. These actions were made in bad faith and in violation of the duties of care and loyalty Defendant owed to Plaintiff as a fellow member of the Company.

47. As a result of Defendant's fraudulent actions, committed in bad faith, Plaintiff has suffered financial and other distinct forms of harm.

48. Defendant's misconduct and breach of fiduciary duty warrants the imposition of punitive and exemplary damages.

49. Accordingly, under Section 523(a)(2), 523(a)(4) or 523(a)(6), Plaintiff moves this Court to determine the dischargeability of Plaintiff's debt and declare it non-dischargeable.

## SECOND CAUSE OF ACTION
(Conversion)

50. Plaintiff incorporates by reference, as if fully rewritten herein, the allegations contained in Paragraphs 1 through 49 above.

51. Plaintiff had a property interest in the Company as she is the rightful controlling member of the Company.

52. Plaintiff's status as controlling member is undisputed given her control of fifty-three percent (53%) of the interest of the Company.

53. Defendant wrongfully and unlawfully converted Plaintiff's ownership interest in the Company by fraudulently inducing Plaintiff to enter into the unconscionable Agreement and has not paid her the consideration of $530,000 for her units.

54. Accordingly, Defendant has converted Plaintiff's units and Plaintiff has been damaged due to Defendant's improper and unlawful conversion of her ownership interests in the Company.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Under Count One, a judgment declaring that amount or consideration owed by Defendants to Plaintiff under the Agreement is non-dischargeable under Sections 523(a)(2) and/or 523(a)(4) and/or 523(a)(6);

(b) Under County Two, a judgment in favor of Plaintiff and against the Defendants for conversion;

(c) A declaration that the Agreement is null and void and hereby rescinded due lack of consideration and failure of Defendants to Plaintiff the amount of $530,000;

(d) Award Plaintiff compensatory damages exceeding $25,000 against Defendants for the claims asserted herein;

(e) Issue an order for a full accounting of the Company's financials;

(f) Award Plaintiff interest, plus costs, attorney's fees, and other such relief as this Court deems just and equitable.

Respectfully submitted,

*/s/Duriya Dhinojwala*
Duriya Dhinojwala (#0074982)
Christopher B. Congeni (#0078160)
Kyle A. Johnson (#0091050)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio 44308
Ph: (330) 253-5060; Fax: (330) 374-6896
cbcongeni@bmdllc.com
kajohnson@bmdllc.com
dd@bmdllc.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff, Cheryl Heineman, respectfully requests a trial by jury on all triable issues set forth in the Complaint.

*/s/Duriya Dhinojwala*
Duriya Dhinojwala (#0074982)